ANDERSON, Circuit Judge,
concurring specially:
I concur in all of Judge Kravitch’s opinion for the court except footnote 1. Because the proposed forfeiture of $140,000 in this case would clearly constitute punishment either under the case-by-case approach utilized in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), or under the categorical approach utilized in Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), it is not necessary in this case to decide which approach is correct. I think it is more prudent not to do so. I do not believe that Austin mandates use of the categorical approach. Rather, the Court said: “[I]t appeal's to make little practical difference whether the Excessive Fines Clause applies to all forfeitures under §§ 881(a)(4) and (a)(7) or only to those that cannot be characterized as purely remedial.” Id., 509 U.S. at-n. 14, 113 S.Ct. at 2812 n. 14. Therefore, although I agree that the proposed forfeiture constitutes punishment, I decline to join footnote 1.